# EXHIBIT 1

Eric P. Waeckerlin – *Admitted Pro Hac Vice*
Kathleen Schroder – *Admitted Pro Hac Vice*
Erin K. Murphy – Wyo. Bar No. 7-4691
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Tel:   303.892.9400
Fax:   303.893.1379
Eric.Waeckerlin@dgslaw.com
Katie.Schroder@dgslaw.com
Erin.Murphy@dgslaw.com

*Attorneys for Petitioners Western Energy Alliance
and the Independent Petroleum Association of America*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WESTERN ENERGY ALLIANCE, and the INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA,      Petitioners,    v.  SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior, and BUREAU OF LAND MANAGEMENT,      Respondents. | Civil Case No. 2:16-cv-00280-SWS |

## DECLARATION OF KATHLEEN M. SGAMMA

## IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

I, Kathleen M. Sgamma, do certify under penalty of perjury as follows:

1. I am the Vice President of Government and Public Affairs for the Western

1

Energy Alliance (Alliance). The Alliance's offices are located at 1775 Sherman Street, Suite 2700, Denver, Colorado 80203. My phone number is 303.623.0987, and my email address is ksgamma@westernenergyalliance.org.

2. I am over the age of twenty one, and I have personal knowledge of the facts stated herein. If called upon to testify as to the matters set forth herein, I would be competent to do so. I make this declaration in support of Petitioners' Motion for Preliminary Injunction.

3. The Alliance's membership is comprised of over 300 companies involved in all aspects of environmentally responsible exploration and production of oil and natural gas on federal and Indian lands in the western United States. The majority of the Alliance's members are small businesses with an average of 15 employees. The Alliance advocates for its members' legislative and regulatory interests related to environmental and public lands policies. The Alliance represents its members in proceedings before the United States Congress, federal agencies, and the courts.

4. On November 15, 2016, the Bureau of Land Management (BLM) within the United States Department of the Interior issued a final rule intended to regulate the waste of natural gas from flaring, venting, and leaks from oil and natural gas production activities on onshore federal and Indian oil and gas leases and certain non-federal oil and gas leases. *See* "Waste Prevention, Production Subject to Royalties, and Resources Conservation: Final Rule," 81 Fed. Reg. 83,008 (Nov. 18, 2016) (the Venting and Flaring Rule).

5. When operating on federal or Indian leases, Alliance members will be required to comply with the Venting and Flaring Rule.

6. The Alliance has been an active participant in the rulemaking process related to

the Venting and Flaring Rule. The Alliance held meetings with federal officials about legal and technical features of the Venting and Flaring Rule, offered testimony before the United States Senate Energy and Natural Resources Subcommittee on Public Lands, Forests and Mining, participated in public hearings, and submitted substantive comments regarding the proposed rule.[1]

7. Implementation of the Venting and Flaring Rule will cause direct and irreparable harm to Alliance members. Based on different discount rates and scenarios, BLM estimates that the Venting and Flaring Rule will cost each affected entity between $42,300–$65,800 in compliance costs per year. *See* BLM, Waste Prevention Regulatory Impact Analysis, at 129 (Nov. 10, 2016).[2] BLM estimates the total costs of the Venting and Flaring Rule will be $114–$279 million per year (using a 7 percent discount rate). *Id.* at 5. The Alliance estimates these costs are too low. John Dunham & Associates finds that the Venting and Flaring Rule's cost exceeds $1.26 billion, including a $114 million loss in federal and state tax revenues.[3]

---

[1] On February 8, 2016, BLM issued proposed regulations "to reduce waste of natural gas from venting, flaring, and leaks during oil and natural gas production activities on onshore Federal and Indian leases." 81 Fed. Reg. 6616 (Feb. 8, 2016). On April 22, 2016, the Alliance joined the Independent Petroleum Association of America, American Exploration and Production Council, and the U.S. Oil and Gas Association in submitting comments on the proposed rule. *See* Joint Trades Venting Flaring Rule Comments (April 22, 2016), *available at* www.regulations.gov, Docket ID No. BLM-2016-0001, Comment No. BLM-2016-0001-8313.

[2] *Available at* https://www.blm.gov/sites/blm.gov/files/documents/files/oilandgas_WastePreventionRegulatoryImpactAnalysis.pdf.

[3] *Cost-Benefit Analysis of the Impact of Onshore Oil and Gas Leasing (43 CFR 3100), Onshore Oil and Gas Operations (43 CFR 3600), Royalty-Free Use of Lease Production (43 CFR 3178), and Waste Prevention and Resource Conservation (43 CFR 3179),* John Dunham & Associates at 1 (April 12, 2016), *available at* www.regulations.gov, Docket ID No. BLM-2016-0001, Comment No. BLM-2016-0001-8313.

8.	If the Venting and Flaring Rule takes effect on January 17, 2017, Alliance members would need to take immediate action to begin Rule implementation and compliance planning, despite the fact some provisions will not be effective immediately. This will require significant financial and personnel resources. Alliance members' budgets for Fiscal Year 2017 have been completed and would also need to be revised to account for compliance with the Venting and Flaring Rule.

9.	Compliance with the Venting and Flaring Rule will also compel Alliance members to disclose confidential, proprietary, and competitive information.

10.	If the Venting and Flaring Rule is not implemented, Alliance's members would not suffer the irreparable injuries described in paragraphs seven, eight, and nine.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and was executed in Denver, Colorado on this 22nd day of November, 2016.

_____
Kathleen M. Sgamma