JEFFREY H. WOOD
Acting Assistant Attorney General
MARISSA PIROPATO, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC  20044-7611
Tel: (202) 305-0470/Fax: (202) 305-0506
marissa.piropato@usdoj.gov
CLARE BORONOW, Trial Attorney
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel.: (303) 844-1362/Fax: (303) 844-1350
clare.boronow@usdoj.gov

JOHN R. GREEN
Acting United States Attorney
C. LEVI MARTIN (WY Bar # 6-3781)
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2124
christopher.martin@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING and STATE OF MONTANA,<br><br>    Petitioners,<br><br>and<br><br>STATE OF NORTH DAKOTA and STATE OF TEXAS,<br><br>    Intervenor-Petitioners,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>    Respondents,<br><br>and<br><br>WYOMING OUTDOOR COUNCIL, *et al.*,<br><br>    Intervenor-Respondents. | No. 16-cv-00285-SWS<br><br>[Consolidated with 16-cv-00280-SWS]<br><br>**FEDERAL RESPONDENTS' RESPONSE TO INDUSTRY PETITIONERS' MOTION FOR A PRELIMINARY INJUNCTION** |

1

Federal Respondents do not oppose Industry Petitioners' motion to enjoin the Waste Prevention, Production Subject to Royalties, and Resource Conservation Rule ("Waste Prevention Rule"), ECF No. 160, to the extent that motion seeks to enjoin the provisions of the Rule that will become operative on January 17, 2018. However, as discussed below, Federal Respondents submit that this Court need not decide the propriety of the requested injunction because forthcoming agency rulemakings will likely render that relief moot. *See Wyoming v. Zinke*, 871 F.3d 1133, 1141–43 (10th Cir. 2017).

On October 5, 2017, the Bureau of Land Management ("BLM") published a proposed rule ("Suspension Rule") to suspend the majority of the provisions of the Waste Prevention Rule, including all of the provisions that would otherwise become operative on January 17, 2018, until January 17, 2019. Decl. of Timothy R. Spisak, Ex. A, ¶¶ 6, 8,("Spisak Decl."). BLM aims to finalize that rule and publish it in the Federal Register by December 8, 2017. *Id.* at ¶ 11. At the same time, BLM is also preparing a proposed rule ("Revision Rule") to substantially revise or rescind the Waste Prevention Rule. *Id.* at ¶ 5.

BLM's advancement of the Suspension Rule and the planned revision of the Waste Prevention Rule supports the Court staying its hand to let the administrative process play out. *Wyoming*, 871 F.3d at 1141–43; *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 387–88 (D.C. Cir. 2012) (finding claims not ripe for review when agency published proposed rule that would substantially revise challenged rule); *Pennsylvania v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978) ("Administrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts . . . ."). While Industry Petitioners make a strong showing of a shift in the equities since they filed their original motion in November 2016—a shift that BLM itself has recognized in its proposed Suspension Rule—the

Court need not make an immediate decision on Industry Petitioners' pending motion because the proposed Suspension Rule will stay the requirements of the Waste Prevention Rule that would otherwise take effect on January 17, 2018. 82 Fed. Reg. 46,458, 46,474–75 (Oct. 5, 2017). These requirements form the basis for the harms cited in the Industry Petitioners' motion for emergency relief. *See* ECF No. 161 at 5–8.

In addition, the ongoing administrative process could ultimately rescind key provisions of the Waste Prevention Rule and moot the present litigation. *See* 82 Fed. Reg. at 46,460; Spisak Decl. ¶¶ 5, 7. Principles of judicial economy strongly counsel that the proper time to review Interior's position on the regulation of venting and flaring will be when the agency issues a new regulation that reflects its current position. *Wyoming*, 871 F.3d at 1142 ("[P]roceeding to address whether the district court erred in invalidating the BLM's Fracking Regulation when the BLM has now commenced rescinding that same regulation appears to be a very wasteful use of limited judicial resources"); *Am. Petroleum Inst.*, 683 F.3d at 386 (recognizing the value in "letting the administrative process run its course before binding parties to a judicial decision.").

Because BLM has itself proposed suspending the provisions of the Waste Prevention Rule that go into effect in January 2018, Federal Respondents do not oppose Petitioners' request for relief from those same provisions. However, Federal Respondents believe that the Suspension Rule will ultimately alleviate the need for any such emergency relief.

Respectfully submitted this 29th day of November, 2017.

                                             JEFFREY H. WOOD
                                             Acting Assistant Attorney General
                                             Environment and Natural Resources Division

                                             /s/ *Marissa Piropato*
                                             MARISSA PIROPATO
                                             CLARE BORONOW

/s/ *C. Levi Martin*
C. Levi Martin
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2017, a copy of the foregoing was served by filing a copy of that document with the Court's CM/ECF system, which will send notice of electronic filing to counsel of record.

                                        /s/ *Marissa Piropato*
                                        Marissa Piropato