IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 DEC 29 PM 1:57

STEPHAN HARRIS, CLERK
CASPER

| | |
|---|---|
| STATE OF WYOMING and STATE OF MONTANA, ) | |
| Petitioners, ) | |
| STATE OF NORTH DAKOTA and STATE OF ) TEXAS, ) | |
| Intervenor-Petitioners, ) | |
| vs. ) | Case No. 2:16-CV-0285-SWS |
| ) | **(Lead Case)** |
| UNITED STATES DEPARTMENT OF THE ) INTERIOR; SALLY JEWELL, in her official ) capacity as Secretary of the Interior; UNITED ) STATES BUREAU OF LAND MANAGEMENT; ) and NEIL KORNZE, in his official capacity as ) Director of the Bureau of Land Management, ) | |
| Respondents, ) | |
| WYOMING OUTDOOR COUNCIL, et al.; ) EARTHWORKS; STATE OF CALIFORNIA and ) STATE OF NEW MEXICO, ) | |
| Intervenor-Respondents. ) | |
| WESTERN ENERGY ALLIANCE, and the ) INDEPENDENT PETROLEUM ) ASSOCIATION OF AMERICA, ) | |
| Petitioners, ) | |
| vs. ) | Case No. 2:16-CV-0280-SWS |
| SALLY JEWELL, in her official capacity as ) Secretary of the United States Department of the ) Interior; and BUREAU OF LAND ) MANAGEMENT, ) | |
| Respondents. ) | |

# ORDER GRANTING JOINT MOTION TO STAY

These matters are originally before the Court on the respective *Petitions for Review of Agency Action* filed in these now-consolidated cases. On November 18, 2016, the Bureau of Land Management ("BLM") published the final version of its regulations intended "to reduce waste of natural gas from venting, flaring, and leaks during oil and natural gas production activities on onshore Federal and Indian (other than Osage Tribe) leases." *See* "Waste Prevention, Production Subject to Royalties, and Resource Conservation: Final Rule." 81 Fed. Reg. 83,008 ("Waste Prevention Rule"). Petitioners raise various challenges to the Waste Prevention Rule, which became effective January 17, 2017. On December 8, 2017, the BLM published the final "Suspension Rule," temporarily suspending or delaying certain requirements of the Waste Prevention Rule that are at the heart of this litigation. *See* 82 Fed. Reg. 58,050. The Suspension Rule is effective on January 8, 2018. "The 2017 final delay rule does not substantively change the 2016 final rule, but simply postpones implementation of the compliance requirements for certain provisions of the 2016 final rule for 1 year." *Id.* "The BLM has concerns regarding the statutory authority, cost, complexity, feasibility, and other implications of the 2016 final rule, and therefore intends to avoid imposing likely considerable and immediate compliance costs on operators for requirements that may be rescinded or significantly revised in the near future." *Id.*

The Federal Respondents, together with Petitioners Western Energy Alliance and the Independent Petroleum Association of America, and Petitioner States of Wyoming and Montana, move the Court to stay these cases on the basis that it would not be a wise use of the parties' or the Court's resources to adjudicate the merits of these cases in light of the Suspension Rule and the fact that the BLM is in the process of issuing a proposed Revision Rule. Intervenor-Petitioner States of North Dakota and Texas, however, oppose a stay, arguing that the limited

2

number of provisions of the Waste Prevention Rule that will remain in effect during the suspension period continue to harm those states because they infringe upon the States' sovereignty, unlawfully expand BLM's jurisdiction to state and private interests, and intrude upon the States' congressionally-granted authority to regulate air quality within their borders.

For their part, Intervenor-Respondents have chosen to challenge the Suspension Rule by filing separate actions in the United States District Court for the Northern District of California. *See* Complaint for Declaratory and Injunctive Relief, *State of California et al. v. U.S. Bureau of Land Mgmt. et al.*, No. 3:17-CV-07186-WHO (N.D. Cal. Dec. 19, 2017); and Complaint for Declaratory and Injunctive Relief, *Sierra Club et al. v. Zinke et al.*, No. 3:17-CV-07187-MMC (N.D. Cal. Dec. 19, 2017). Specifically, the States of California and New Mexico allege the Suspension Rule "undermine[s] the Waste Prevention Rule" and "lacks any reasoned analysis, contravenes BLM's statutory mandates, and ignores significant environmental consequences." (Compl. ¶ 1, No. 3:17-CV-07186.) In their separate lawsuit, the environmental group plaintiffs allege the Suspension Rule (which they characterize as an "Amendment" to the Waste Prevention Rule) is an unlawful modification of the Waste Prevention Rule. (*See* Compl. at 3, No. 3:17-CV-07187.) Both California federal court lawsuits contend the BLM's Suspension Rule is arbitrary and capricious, contrary to multiple federal land management statutes, and in excess of BLM's authority; accordingly, the plaintiffs (Intervenor-Respondents here) seek a declaration that the BLM's most recent action violates the Administrative Procedures Act.[1] The California lawsuits further ask the Northern District of California court to vacate the Suspension Rule and immediately reinstate all provisions of the Waste Prevention Rule.

---

[1] *But cf.* Citizen Groups' Resp. Br. at 13 (ECF No. 175) ("BLM's determination of what constitutes reasonable precautions to control waste is entitled to deference.").

3

Considering all of the present factors and circumstances surrounding the Waste Prevention Rule, the Court finds the requested stay warranted. This Court has twice stated its opinion that moving forward to address the merits of the present *Petitions for Review* in these cases, in light of the now finalized Suspension Rule and BLM's continued efforts to revise the Waste Prevention Rule, would be a waste of resources. (*See* ECF Nos. 133, 163.) An analysis of the merits of the present challenges to the Waste Prevention Rule is dependent upon which "rules" are in effect. *See Wyoming v. Zinke*, 871 F.3d 1133, 1142 (10th Cir. 2017) ("proceeding to address whether the district court erred in invalidating the BLM's Fracking Regulation when the BLM has now commenced rescinding that same regulation appears to be a very wasteful use of limited judicial resources . . . [as] [i]t is clearly evident that the disputed matter that forms the basis for our jurisdiction has thus become a moving target"). And because the Intervenor-Respondents' lawsuits in the Northern District of California raise substantive challenges to the Suspension Rule and seek to reinstate the Waste Prevention Rule in its entirety, it is fair to say those actions are inextricably intertwined with the cases before this Court and with the ultimate rules to be enforced. *See F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009). The suggestion by North Dakota and Texas that the Court engage in a piecemeal analysis of the issues would likewise be an inefficient use of judicial resources. *See Shadwick v. Butler Nat'l Corp.*, 950 F. Supp. 302, 305 (D. Kan. 1996).

The issuance of the Suspension Rule and the proposed Revision Rule further raise prudential ripeness concerns. "The Supreme Court has long held the ripeness doctrine is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its

effects felt in a concrete way by the challenging parties." *Wyoming*, 871 F.3d at 1141 (internal quotations and citations omitted). *See also Farrell-Cooper Min. Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1234-35 (10th Cir. 2013) ("In order to determine the fitness of issues for review, we may consider whether judicial intervention would inappropriately interfere with further administrative action and whether the courts would benefit from further factual development of the issues presented.") (internal quotation marks and citation omitted). THEREFORE, it is hereby

ORDERED that the *Joint Motion for Stay* (ECF No. 188) is GRANTED and these consolidated matters are **STAYED** while the Suspension Rule is effective, subject to the parties' available judicial rights and remedies to seek lifting of the stay should circumstances change warranting such relief; it is further

ORDERED that the Federal Respondents shall file a status report every 45 days from issuance of this order to apprise the Court and the parties of the status of ongoing rulemaking; it is further

ORDERED that the Federal Respondents shall file notices with the Court when the proposed Revision Rule and final Revision Rule are promulgated; it is further

ORDERED that the stay shall be automatically lifted on December 1, 2018 if the proposed Revision Rule is not finalized; and it is further

ORDERED that the pending January 5, 2018 deadline to file any reply briefs in support of the Petitions for Review is VACATED.

DATED this 29th day of December, 2017.

SCOTT W. SKAVDAHL
UNITED STATES DISTRICT JUDGE