IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2018 APR -4 AM 10: 28
STEPHAN HARRIS, CLERK
CASPER

| | |
|---|---|
| STATE OF WYOMING and STATE OF MONTANA, ) <br> ) <br> Petitioners, ) <br> ) <br> STATE OF NORTH DAKOTA and STATE OF ) <br> TEXAS, ) <br> ) <br> Intervenor-Petitioners, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE ) <br> INTERIOR; SALLY JEWELL, in her official ) <br> capacity as Secretary of the Interior; UNITED ) <br> STATES BUREAU OF LAND MANAGEMENT; ) <br> and NEIL KORNZE, in his official capacity as ) <br> Director of the Bureau of Land Management, ) <br> ) <br> Respondents, ) <br> ) <br> WYOMING OUTDOOR COUNCIL, et al.; ) <br> EARTHWORKS; STATE OF CALIFORNIA and ) <br> STATE OF NEW MEXICO, ) <br> ) <br> Intervenor-Respondents. ) | Case No. 2:16-CV-0285-SWS <br> **(Lead Case)** |
| WESTERN ENERGY ALLIANCE, and the ) <br> INDEPENDENT PETROLEUM ) <br> ASSOCIATION OF AMERICA, ) <br> ) <br> Petitioners, ) <br> ) <br> vs. ) <br> ) <br> SALLY JEWELL, in her official capacity as ) <br> Secretary of the United States Department of the ) <br> Interior; and BUREAU OF LAND ) <br> MANAGEMENT, ) <br> ) <br> Respondents. ) | Case No. 2:16-CV-0280-SWS |

**ORDER STAYING IMPLEMENTATION OF RULE PROVISIONS AND
STAYING ACTION PENDING FINALIZATION OF REVISION RULE**

Sadly, and frustratingly, this case is symbolic of the dysfunction in the current state of administrative law. And unfortunately, it is not the first time this dysfunction has frustrated the administrative review process in this Court.[1]

## Procedural Background

On November 18, 2016, the Bureau of Land Management ("BLM") published the final version of its regulations with the stated intent "to reduce waste of natural gas from venting, flaring, and leaks during oil and natural gas production activities on onshore Federal and Indian (other than Osage Tribe) leases." *See* "Waste Prevention, Production Subject to Royalties, and Resource Conservation: Final Rule." 81 Fed. Reg. 83,008 ("Waste Prevention Rule"). Petitioners promptly raised various challenges to the Waste Prevention Rule in these consolidated cases. On January 16, 2017, the day before the Rule became effective, this Court denied Petitioners' request for preliminary injunctive relief, in part because significant portions of the Rule would not become effective until January 17, 2018 ("phase-in provisions"). Thereafter, the Court set an expedited briefing schedule so that the merits of Petitioners' challenges could be addressed prior to the phase-in provisions of the Rule becoming effective. Regrettably, this approach has been derailed.

Uncertainty in the Waste Prevention Rule's fate was first created by Congress. On February 3, 2017, the U.S. House of Representatives passed a Congressional Review Act resolution to disapprove the Waste Prevention Rule, which would have voided the Rule and barred any other "substantially similar" rule in the future. H.R.J. Res. 36, 115th Cong. (2017-2018). The U.S. Senate defeated this Congressional Review Act resolution on May 10, 2017. Then on June 15, 2017, in compliance with a directive from the President to review the Rule for

---

[1] *See State of Wyoming, et al. v. Dep't of Interior*, No. 15-CV-043-S (D. Wyo.).

2

consistency with the policies of the new administration,[2] the BLM announced it was postponing the January 17, 2018 compliance dates for the phase-in provisions of the Rule,[3] pending judicial review in this Court, pursuant to its authority under 5 U.S.C. § 705. *See* 82 Fed. Reg. 27,430 (June 15, 2017) ("Postponement Notice"). In doing so, the BLM considered "the substantial cost that complying with these requirements poses to operators . . ., and the uncertain future these requirements face in light of the pending litigation and administrative review of the Rule." *Id.* at 27,431. The BLM further stated its intention to conduct notice-and-comment rulemaking to suspend or extend the compliance dates of those sections affected.[4] *Id.* The Rule's provisions with compliance dates that had already passed were unaffected by the Postponement Notice.

Five days later, and in light of BLM's plan to propose revision or rescission of the Rule, the Federal Respondents filed a *Motion to Extend the Briefing Deadlines* (ECF No. 129) which this Court granted, making the opening merits briefs due October 2, 2017 and response briefs due November 6, 2017 (ECF No. 133).[5] In granting the extension, this Court determined: "To move forward on the present schedule would be inefficient and a waste of both the judiciary's and the parties' resources in light of the shifting sands surrounding the Rule and certain of its provisions, making it impossible to set a foundation upon which the Court can base its review under the Administrative Procedures Act." *Id.* at 3. Then on July 5th and 10th, 2017, several of the Intervenor-Respondents in this case, along with the elected Attorney Generals from the States of California and New Mexico, challenged the BLM's Postponement Notice in a Federal District

---

[2] *See* Executive Order No. 13783, "Promoting Energy Independence and Economic Growth" (March 28, 2017).
[3] The BLM postponed the future compliance dates for the following sections of the Rule: 43 C.F.R. 3179.7, 3179.9, 3179.201, 3179.202, 3179.203, and 3179.301-3179.305. These provisions obligate operators to comply with the Rule's "capture percentage," flaring measurement, pneumatic equipment, storage tank, and LDAR requirements beginning on January 17, 2018. *See* 82 Fed. Reg. at 27,431.
[4] "Given this legal uncertainty, operators should not be required to expend substantial time and resources to comply with regulatory requirements that may prove short-lived as a result of pending litigation or the administrative review that is already under way." *Id.*
[5] The Court also ordered the BLM to file a status report on September 1, 2017, notifying the Court and parties of its progress in promulgating a suspension of certain requirements of the Rule.

3

Court in the Northern District of California. *See California and New Mexico, et al. v. BLM*, No. 3:17-CV-03804-EDL (N.D. Cal.); *Sierra Club, et al. v. Zinke*, No. 3:17-CV-03885-EDL (N.D. Cal.). On October 4, 2017, the Northern District of California Court held unlawful and vacated the Postponement Notice, thereby reinstating the (by then) three-and-one-half-month away compliance dates for the phase-in provisions.

Meanwhile, back in this Court, Petitioners and Intervenor-Petitioners timely filed their opening briefs. On October 20, 2017, the Federal Respondents filed a second *Motion for an Extension of the Merits Briefing Deadlines* (ECF No. 155), requesting the Court again extend the briefing deadlines then in place by thirty-seven (37) days, allowing time for the BLM to complete a rule ("Suspension Rule") which will suspend or delay the majority of the provisions of the Waste Prevention Rule, including the portions of the Rule that would otherwise become effective on January 17, 2018.[6] At that time, BLM had also begun working on a rule to revise or rescind the Waste Prevention Rule ("Revision Rule"). The Court granted the second extension, again stressing the inefficient use and likely waste of resources by proceeding to address the merits of challenges to a rule when the agency has begun the process for suspending and revising that same rule. (ECF No. 158.)

On December 8, 2017, the BLM published the final "Suspension Rule," temporarily suspending or delaying certain requirements of the Waste Prevention Rule that are at the heart of this litigation.[7] *See* 82 Fed. Reg. 58,050. "The 2017 final delay rule does not substantively change the 2016 final rule, but simply postpones implementation of the compliance requirements for certain provisions of the 2016 final rule for 1 year." *Id.* "The BLM has concerns regarding

---

[6] On October 27, 2017, the Industry Petitioners again sought preliminary injunctive relief in light of the impending January 2018 compliance dates put back into effect after the California court's ruling. (ECF No. 160.)

[7] The Suspension Rule delayed the effective date for the following provisions of the Waste Prevention Rule: 43 C.F.R. 3162.3-1(j), 3179.7, 3179.9, 3179.10, 3179.101, 3179.102, 3179.201, 3179.202, 3179.203, 3179.204, and 3179.301 through 3179.305.

4

the statutory authority, cost, complexity, feasibility, and other implications of the 2016 final rule, and therefore intends to avoid imposing likely considerable and immediate compliance costs on operators for requirements that may be rescinded or significantly revised in the near future." *Id.* The Suspension Rule's stated effective date was January 8, 2018.

The Federal Respondents, together with the Industry Petitioners and Petitioner States of Wyoming and Montana, then moved the Court to stay these cases on the basis that it would not be a wise use of the parties' or the Court's resources to adjudicate the merits in light of the Suspension Rule and the fact that the BLM is in the process of issuing a proposed Revision Rule. Intervenor-Petitioner States of North Dakota and Texas opposed a stay, arguing that the limited number of provisions that will remain in effect during the suspension period continue to harm those states by infringing upon the States' sovereignty, unlawfully expanding BLM's jurisdiction to state and private interests, and intruding upon the States' congressionally-granted authority to regulate air quality within their borders. Intervenor-Respondents chose to challenge the Suspension Rule by again filing separate actions in the Northern District of California. *See State of California et al. v. BLM et al.*, No. 3:17-CV-07186-WHO (N.D. Cal. Dec. 19, 2017); *Sierra Club et al. v. Zinke et al.*, No. 3:17-CV-07187-MMC (N.D. Cal. Dec. 19, 2017). Requests to transfer the venue of those cases to this Court were denied.

On December 29, 2017, given the on-going rulemaking process that would materially impact the merits of the present challenges to the Waste Prevention Rule and the prudential ripeness concerns relating to the issues before this Court, the requested stay was granted pending finalization of revisions to the Rule, or at least while the Suspension Rule was in effect. (*See* ECF No. 189.) For a third time, this Court emphasized that moving forward to address the merits of the present challenges would be a waste of resources, as such an analysis is dependent

5

upon which "rules" are in effect. *Id.* at 4 (citing *Wyoming v. Zinke*, 871 F.3d 1133, 1142 (10th Cir. 2017) ("proceeding to address whether the district court erred in invalidating the BLM's Fracking Regulation when the BLM has now commenced rescinding that same regulation appears to be a very wasteful use of limited judicial resources . . . [as] [i]t is clearly evident that the disputed matter that forms the basis for our jurisdiction has thus become a moving target")). This Court further determined prudential ripeness concerns weigh against interfering in the administrative process. *See id.* at 4-5 (citing *Farrell-Cooper Min. Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1234-35 (10th Cir. 2103) ("In order to determine the fitness of issues for review, we may consider whether judicial intervention would inappropriately interfere with further administrative action and whether the courts would benefit from further factual development of the issues presented.")).

On February 22, 2018, the BLM published the proposed Revision Rule, "proposing to revise the 2016 final rule in a manner that reduces unnecessary compliance burdens, is consistent with the BLM's existing statutory authorities, and re-establishes long-standing requirements that the 2016 final rule replaced." 83 Fed. Reg. 7924 (Feb. 22, 2018). Also on February 22, 2018, the District Court for the Northern District of California preliminarily enjoined enforcement of the Suspension Rule, arguably making the phase-in provisions immediately effective.[8] Accordingly, this Court lifted the stay in these cases and set a briefing schedule to resolve the following pending motions now before this Court: (1) *Joint Motion by the States of North Dakota and Texas to Lift the Stay entered December 29, 2017 and to Establish Expedited Schedule for Further Proceedings* (ECF No. 194); (2) *Motion to Lift Stay and Suspend Implementation Deadlines* filed by Petitioner States of Wyoming and Montana (ECF No. 195);

---

[8] The California court's decision also put back into effect certain provisions that were not part of the Rule's initial phase-in provisions, but had been delayed by the Suspension Rule: 43 C.F.R. 3162.3-1(j); 3179.10, 3179.101, 3179.102, and 3179.204.

6

and Industry Petitioners' *Motion to Lift Litigation Stay and for Preliminary Injunction or Vacatur of Certain Provisions of the Rule Pending Administrative Review* (ECF No. 196).

The Federal Respondents urge the Court to stay this litigation and the Waste Prevention Rule's implementation deadlines to preserve the status and rights of the regulated parties and avoid entanglement with the administrative process. The Federal Respondents argue the BLM should not be forced to litigate – and implement – the Waste Prevention Rule while the agency is actively reconsidering the Rule and has engaged in rulemaking to suspend and revise the Rule. The Intervenor-Petitioners, North Dakota and Texas, urge the Court to move forward with the merits of these cases on an expedited basis. The Intervenor-Respondents, the States of California and New Mexico and the Environmental Groups, oppose the Industry Petitioners' motion for a preliminary injunction or vacatur, and further oppose any stay of these cases or the existing implementation deadlines.

### DISCUSSION

This Court cannot escape the reality of the difficult, and somewhat unique, procedural circumstances facing it – that going forward on the merits at this point remains a waste of judicial resources and disregards prudential ripeness concerns. The Court's consideration of the various requests for relief must begin by recognizing that the BLM has the inherent authority to reconsider its own rule, in the same manner and pursuant to the same constraints as when initially promulgating the rule. *See Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) ("Administrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider."); *ConocoPhillips Co. v. U.S. E.P.A.*, 612 F.3d 822, 832 (5th Cir. 2010) (agency has inherent authority to reconsider its decisions unless to do so would be arbitrary, capricious, or an abuse of

7

discretion). Wish as they might, neither the States, industry members, nor environmental groups are granted authority to dictate oil and gas policy on federal public lands. In light of the BLM's clearly expressed concerns about certain provisions of the Waste Prevention Rule, and the agency's publication of the proposed Revision Rule, the Court should allow the administrative process to run its course and restrain from prematurely conducting a merits analysis. *See Wyoming v. Zinke*, 871 F.3d at 1141 ("The Supreme Court has long held the ripeness doctrine is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.") (internal quotation marks and citations omitted).

Also implicated here is the related doctrine of prudential mootness, which is rooted in the court's equitable powers to fashion remedies and to withhold relief. *See Fletcher v. U.S.*, 116 F.3d 1315, 1321 (10th Cir. 1997). "Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant." *Id.* (internal quotation and citation omitted). *See also S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) ("Prudential mootness addresses not the power to grant relief but the court's discretion in the exercise of that power."). The central inquiry is whether "circumstances [have] changed since the beginning of litigation that forestall any occasion for *meaningful* relief." *Id.* (emphasis added). Courts typically apply the prudential mootness doctrine where a defendant, "usually the government, has already changed or is in the process of changing its policies or where it appears

8

that any repeat of the actions in question is otherwise highly unlikely." *Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1492 (10th Cir. 1993).

The public comment period for the proposed Revision Rule presently ends April 23, 2018. The proposed revisions substantially change those provisions of the 2016 Waste Prevention Rule that were to be phased in over time and are at the heart of this litigation. If the proposed Revision Rule becomes final, many of the changes and modifications required under the 2016 Rule, including the phase-in provisions, will be eliminated. Yet, the costs and difficulties of immediate compliance with those provisions – particularly considering that the intended period for "ramping up" never came to be because of the BLM's ongoing efforts to suspend and revise those provisions – are undoubtedly substantial and unrecoverable.[9] To force temporary compliance with those provisions makes little sense and provides minimal public benefit, while significant resources may be unnecessarily expended.

"[T]o the extent necessary to prevent irreparable injury," the Administrative Procedures Act gives a reviewing court discretion to "issue *all necessary and appropriate process* . . . to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705 (emphasis added).[10] Petitioners, particularly Industry Petitioners, will be irreparably harmed by full and immediate implementation of the 2016 Waste Prevention Rule, magnified by temporary

---

[9] The Intervenor-Respondents assert that the Petitioners brought any compliance difficulties upon themselves, apparently by not taking steps toward compliance regardless of the BLM's stated intentions and ongoing efforts to suspend, revise and/or rescind portions of the Rule. Such an assertion suggests the invalidation of the Postponement Notice and Suspension Rule were, and the ultimate upending of the Revision Rule is, a foregone conclusion. However, "a presumption of validity attaches to the agency action and the burden of proof rests with the appellants who challenge such action." *WildEarth Guardians v. U.S. Fish and Wildlife Serv.*, 784 F.3d 677, 691 (10th Cir. 2015). Thus, the States, industry, and public may appropriately rely on agency action unless and until it is held unlawful. No reasonable person would rush to comply with a rule that was delayed, suspended, and is soon to be revised, particularly when such compliance requires the expenditure of significant resources.

[10] While the Court acknowledges that some courts have employed the four-factor preliminary injunction test in determining whether to grant relief under § 705, nothing in the language of the statute itself, or its legislative history, suggests it is limited to those situations where preliminary injunctive relief would be available. *See State of California, et al. v. U.S. B.L.M.*, 277 F. Supp. 3d 1106, 1124-25 (N.D. Cal. 2017) ("The plain language of the statute leaves room to dispute whether such an analysis is required, and the legislative history provides limited and not entirely consistent evidence of Congress' intent.").

implementation of significant provisions meant to be phased-in over time that will be eliminated in as few as four months.[11] The Revision Rule is presently subject to notice-and-comment rulemaking on the very issues before the Court. The proposed Revision Rule would rescind the provisions of the Waste Prevention Rule addressing waste minimization plans, well drilling, well completion, pneumatic controllers, pneumatic diaphragm pumps, storage vessels, and leak detection and repair, and would also modify many other requirements of the 2016 Rule. *See* 83 Fed. Reg. at 7928. Moreover, proceeding to address the merits of these cases will put the BLM in the difficult situation of litigating and defending a rule that it is in the midst of reconsidering and of taking positions on issues that are currently subject to public comment. There is simply nothing to be gained by litigating the merits of a rule for which a substantive revision has been proposed and is expected to be completed within a period of months.

Petitioners have proposed a range of different mechanisms by which this Court could provide relief from the unusual procedural circumstances which have technically, though not realistically, made the phase-in provisions immediately effective. Unfortunately, none of the proposed solutions is comprehensively satisfying, and the circumstances presented here do not fall nicely into any particular legal doctrine. Still, the circumstances that justified this Court's stay of this litigation in the first place have not changed. Accordingly, in order to preserve the status quo, and in consideration of judicial economy and prudential ripeness and mootness concerns, the Court finds the most appropriate and sensible approach is to exercise its equitable discretion to stay implementation of the Waste Prevention Rule's phase-in provisions and further stay these cases until the BLM finalizes the Revision Rule, so that this Court can meaningfully and finally engage in a merits analysis of the issues raised by the parties. A stay will provide

---

[11] The BLM anticipates completing and publishing the final Revision Rule in August 2018. (Tichenor Decl. ¶ 10, ECF No. 207-1.)

certainty and stability for the regulated community and the general public while BLM completes its rulemaking process, will allow the BLM to focus its limited resources on completing the revision rulemaking, and would prevent the unrecoverable expenditure of millions of dollars in compliance costs. The waste, inefficiency, and futility associated with a ping-ponging regulatory regime is self-evident and in no party's interest. THEREFORE, it is hereby

**ORDERED** that the *Joint Motion by the States of North Dakota and Texas to Lift the Stay entered December 29, 2017 and to Establish Expedited Schedule for Further Proceedings* (ECF No. 194) is DENIED; the *Motion to Lift Stay and Suspend Implementation Deadlines* filed by Petitioner States of Wyoming and Montana (ECF No. 195) is GRANTED IN PART and DENIED IN PART; and Industry Petitioners' *Motion to Lift Litigation Stay and for Preliminary Injunction or Vacatur of Certain Provisions of the Rule Pending Administrative Review* (ECF No. 196) is DENIED; it is further

**ORDERED** that implementation of the Waste Prevention Rule's phase-in provisions (43 C.F.R. 3179.7, 3179.9, 3179.201, 3179.202, 3179.203, and 3179.301-3179.305) is **STAYED**; it is further

**ORDERED** that these consolidated matters are **STAYED** pending finalization or withdrawal of the proposed Revision Rule.

DATED this 4 7th day of April, 2018.

SCOTT W. SKAVDAHL
UNITED STATES DISTRICT JUDGE