Wayne Stenehjem (admitted *pro hac vice*)
ATTORNEY GENERAL OF THE STATE OF
NORTH DAKOTA
David Garner (admitted *pro hac vice*)
Assistant Attorneys General
500 N. 9th Street
Bismarck, ND 58501
Phone: (701) 328-2925
Email: ndag@nd.gov

Paul M. Seby (admitted *pro hac vice*)
Special Assistant Attorney General
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Phone: (303) 572-6584
Email: sebyp@gtlaw.com

Robert J. Walker (Wyo. Bar No. 7-4715)
Hickey & Evans, LLP
1800 Carey Street, Suite 700
Cheyenne, WY 82003
Phone: (307) 634-1525
Fax: (307) 638-7335
Email: rwalker@hickeyevans.com

*Counsel for Petitioner-Intervenor State of
North Dakota*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING, | ) | |
| STATE OF MONTANA, | ) | |
| STATE OF NORTH DAKOTA, and | ) | |
| STATE OF TEXAS | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-00285-SWS |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE INTERIOR, *et al.* | ) | |
| | ) | |
| Respondents, | ) | |

**STATE OF NORTH DAKOTA'S, STATE OF TEXAS', STATE OF WYOMING'S, AND STATE OF MONTANA'S MEMORANDUM IN SUPPORT OF RESPONSE TO THIS COURT'S JUNE 11, 2019 MINUTE ORDER AND JOINT MOTION FOR A STAY PENDING RESOLUTION OF RELATED LITIGATION**

## INTRODUCTION

Petitioners and Petitioner-Intervenors the States of North Dakota, Texas, Wyoming and Montana (collectively "State Petitioners") respectfully request that this Court stay these proceedings challenging the Bureau of Land Management's ("BLM") rule entitled "Waste Prevention, Production Subject to Royalties, and Resource Conservation: Final Rule," 81 Fed. Reg. 83,008 (November 18, 2016) ("2016 Venting and Flaring Rule"), until the pending Motions for Summary Judgment in *State of Cal. Et al v. Zinke et al,* N.D. Cal, No. 4:18-cv-05712-YGR (the "California Litigation") are fully resolved.  The Motions for Summary Judgment in the California Litigation seek to: (i) vacate BLM's recently promulgated rule entitled "Waste Prevention, Production Subject to Royalties, and Resource Conservation; Rescission or Revision of Certain Requirements: Final Rule," 83 Fed. Reg. 49,184 ("2018 Rule"), and (ii) fully reinstate the 2016 Venting and Flaring Rule.

This Court should continue to retain jurisdiction over the State Petitioners' pending challenges to the 2016 Venting and Flaring Rule for several important reasons.  First, the 2018 Rule did not fully supersede the 2016 Venting and Flaring Rule.  Instead it only withdrew select provisions, modified others, and left certain provisions alone – including leaving undisturbed legal issues that are central to State Petitioners' challenges in this action.[1]  Therefore, this Court still has

---

[1] Most recently, Petitioner-Intervenors North Dakota and Texas raised these issues before this Court in their Reply in Support of Joint Motion to Lift the Stay (ECF No. 213), stating that BLM continued to exceed is statutory authority in its proposed rule preceding the finalized 2018 Rule by continuing to unlawfully assert authority over communitized mineral interests. *Id.* at 6 (citing

a live controversy before it, and this case is not moot – regardless of the outcome of the California

Litigation.   Second, if this case is dismissed and the California Litigation later results in the

reinstatement of the rescinded and modified portions of the 2016 Venting and Flaring Rule, State

Petitioners may be time-barred from further challenging any part of the 2016 Venting and Flaring

Rule.   Third, if this case is dismissed, then even if the California Litigation does not result in

reinstatement of the rescinded and modified portions of the 2016 Venting and Flaring Rule, State

Petitioners may be time-barred from challenging the undisturbed portions of the 2016 Rule – as to

which a live controversy currently exists.   Fourth, if the rescinded or amended portions of the 2016

Venting and Flaring Rule are reinstated, judicial efficiency and good sense weighs in favor of

allowing State Petitioners to maintain the existing challenges in this Court because the merits

briefing for this case is already substantially complete, and relitigating (and re-briefing) those

issues in the event this case was prematurely dismissed would be both prejudicial and a waste of

judicial and public resources.   Fifth, while the merits of the 2016 Venting and Flaring Rule were

being re-litigated, State Petitioners would be subject to immediate and irreparable harm by full and

immediate implementation of the 2016 Waste Prevention Rule, magnified by immediate

implementation of significant provisions originally meant to be phased-in over time.   Lastly,

holding this case in abeyance pending the outcome of the Motions for Summary Judgment in the

California Litigation will not prejudice any parties or impose any burdens on this Court.   State

Petitioners therefore respectfully request, and believe there is abundant good cause for, this Court

to hold this case in abeyance pending a final ruling on the Motions for Summary Judgment in the

California Litigation.

---

to ECF No. 143).   North Dakota and Texas also raised the same issues before the Tenth Circuit.
*See State of Wyoming, et. al. v. U.S. Dept. of Interior, et. al.*, Case No. 18-8027, Doc. No.
010110051859 (Intervenor-Appellees State of North Dakota's and Texas's Joint Response Brief).

**FACTS**

1.      On November 18, 2016, BLM promulgated the 2016 Venting and Flaring Rule that applies to oil and gas developments on federal and Indian lands and mineral interests. It prohibits the venting of natural gas by oil and gas operators except in limited situations and requires that operators capture a certain percentage of the gas they produce each month.  81 Fed. Reg. at 83,023-24; 43 C.F.R. §§ 3179.6-.7.  The Rule also requires that operators inspect equipment for leaks and update equipment that contributes to the loss of natural gas during oil and gas production. 81 Fed. Reg. at 83,011, 83,022; 43 C.F.R. §§ 3179.301-.304, 3179.201-.204.

2.      The 2016 Venting and Flaring Rule became effective in January 2017, but included extended compliance dates for certain requirements over several years.  *See id*. at 83,008, 83,023-25.

3.      Two groups of plaintiffs challenged the regulation in this Court: (1) the States of Wyoming and Montana; and (2) the Western Energy Alliance ("WEA") and the Independent Petroleum Association of America ("IPAA").  Their petitions for review were consolidated in this Court.  The States of North Dakota and Texas intervened as petitioners, and the States of California and New Mexico intervened as respondents.  Numerous environmental groups also intervened as respondents.

4.      On March 28, 2017, the President issued an Executive Order requiring that the Secretary of the Interior "review" the 2016 Venting and Flaring Rule and "if appropriate, . . . as soon as practicable, . . . publish for notice and comment proposed rules suspending, revising, or rescinding" the Rule.  Exec. Order No. 13,783, 82 Fed. Reg. 16,093, § 7(b) (Mar. 28, 2017).

5.      BLM reviewed the 2016 Venting and Flaring Rule and determined that it did not align with the policy set forth in Executive Order 13,783, which stated that it is "in the national interest to promote the clean and safe development of our Nation's vast energy resources while at

the same time avoiding regulatory burdens that unnecessarily encumber energy production, constrain economic growth, and prevent job creation."   82 Fed. Reg. at 16,093; 82 Fed. Reg. 46,458, 46,459-60 (Oct. 5, 2017).

6.      In June 2017, BLM postponed the compliance dates for the 2016 Venting and Flaring Rule.  82 Fed. Reg. 27,430 (June 15, 2017) ("Postponement Rule").  In October 2017, the Northern District of California vacated the Postponement Rule for violating the Administrative Procedure Act.  *California v. BLM*, 277 F. Supp. 3d 1106, 1125-27 (N.D. Cal. 2017).

7.      On October 2, 2017, the State Petitioners of North Dakota, Texas, and Wyoming also filed their joint opening brief on the merits in this case, as did Petitioners WEA and IPAA, and *amicus curiae* American Petroleum Institute, in support of Petitioners.

8.      By December 11, 2017, all of the Respondent parties, except for BLM, filed their response briefs.

9.      On December of 2017, BLM suspended certain compliance dates in the 2016 Venting and Flaring Rule for one year.  82 Fed. Reg. 58,050 (Dec. 8, 2017) ("Delay Rule").

10.      On December 29, 2017, this Court stayed this litigation, largely at the request of BLM, in light of BLM's efforts to delay and replace the 2016 Venting and Flaring Rule.  ECF No. 189.

11.      On February 22, 2018 the Northern District of California preliminarily enjoined the Delay Rule, noting that the challenging States of California and New Mexico had shown a reasonable likelihood of success on the merits of their claims that the BLM failed to provide a reasoned analysis for the Delay Rule and that the Delay Rule was based on a flawed regulatory impact analysis.  *California v. BLM*, 286 F. Supp. 3d 1054, 1058 (N.D. Cal. 2018).  This ruling reinstated the original compliance dates of the 2016 Venting and Flaring Rule and revived with

full force the harms caused to Petitioner-Intervenors North Dakota and Texas by the 2016 Venting and Flaring Rule. *Id*.

12.     On the same day, February 22, 2018, BLM proposed a rule to replace the 2016 Venting and Flaring Rule, initiating the notice-and-comment rulemaking process.  83 Fed. Reg. 7924 (Feb. 22, 2018).

13.     By March 23, 2018, all Petitioners and Petitioner-Intervenors filed their reply briefs in support of their opening briefs.  Accordingly, the merits of the 2016 Venting and Flaring Rule are fully briefed in front of this Court with the exception of a merits response brief from BLM.

14.     On April 4, 2018, this Court stayed portions of the 2016 Venting and Flaring Rule and stayed this litigation pending finalization of the new rule.  ECF No. 215, Order Staying Implementation of Rule Provisions and Staying Action Pending Finalization of Revision Rule (April 4, 2018) ("April 2018 Order").  Many provisions of the 2016 Venting and Flaring Rule, including provisions that cause injury to Petitioner-Intervenors North Dakota and Texas, were not stayed by the April 2018 Order.

15.     California, New Mexico and the environmental groups appealed the April 2018 order.  *See State of Wyoming, et. al. v. U.S. Dept. of Interior, et. al.,* Case No. 18-8027 (April 9, 2019) (consolidating the appeals).  The Tenth Circuit denied motions to dismiss the appeals for lack of jurisdiction and to stay the April 2018 Order pending appeal.  *See id.*

16.     After the Opening and Answer Briefs were filed in the Tenth Circuit, BLM released a prepublication version of the 2018 Rule on September 18, 2018, which was published in the *Federal Register* on September 28, 2018.  83 Fed. Reg. 49,184.  The 2018 Rule became effective on November 27, 2018, and withdrew or modified portions of the 2016 Venting and Flaring Rule, while leaving untouched other substantive provisions of the 2016 Venting and Flaring Rule that unlawfully expand federal jurisdiction over pooled or communitized lands in North Dakota and

Texas.  *Id*. at 49,184; *see also* Petitioner-Intervenor North Dakota's and Texas' extensive briefing discussing BLM's unlawfully expanded federal jurisdiction that remained in the proposed and final 2018 Rule (ECF Nos. 143, 213, and Doc. No. 010110051859 in *State of Wyoming, et. al.,* Case No. 18-8027*.*).

17.     On September 18, 2018 California filed a complaint challenging BLM's 2018 Rule in the Northern District of California, and Wyoming, the WEA, and IPAA successfully moved to intervene.  *State of Cal. et al v. Zinke et al,* N.D. Cal, No. 4:18-cv-05712-YGR, ECF Nos. 1, 5 and 41.

18.     The Tenth Circuit then issued an order finding that the appeal of this Court's April 2018 Order was moot after BLM's promulgation of the 2018 Rule.  *State of Wyoming, et. al. v. U.S. Dept. of Interior, et. al.,* Case No. 18-8027, Order and Judgment, at 3 (April 9, 2019).  The Tenth Circuit issued its Mandate to this Court on June 3, 2019.  ECF Nos. 242, 242-1.  The Tenth Circuit's Order also vacated this Court's April 2018 Order staying portions of the 2016 Venting and Flaring Rule.  ECF No. 242-1*,* at 3.

19.     However, the Tenth Circuit expressly declined requests to vacate the 2016 Venting and Flaring Rule, noting that "because the [2018] Rule did not eliminate all requirements of the [2016 Venting and Flaring Rule], *see* 83 Fed. Reg. at 49,204, vacatur of the entire [2016 Venting and Flaring Rule] is inappropriate.  *Id.* at 9 (citing to *Chamber of Commerce of the U.S. v. E.P.A.*, 642 F.3d 192, 211 (D.C. Cir. 2011)).  The Tenth Circuit also expressly declined to remand with instructions to this Court to dismiss the entire case, noting that it did "not see any harm in allowing [this Court] to decide in the first instance whether the entire case is moot given that [this Court] is more acquainted with the overall claims and issues."  *Id.*

20.     On June 7, 2019, two Motions for Summary Judgement were filed in the California Litigation, seeking to invalidate the 2018 Rule.  *State of Cal. et al v. Zinke et al,* N.D. Cal, No.

4:18-cv-05712-YGR, ECF Nos. 108 (State Plaintiffs' Notice of Motion for Summary Judgment; Memorandum in Support) and 109 (Citizen Groups' Motion for Summary Judgment (filed June 7, 2019).  On June 20, 2019, fifty-one members of Congress filed an *amicus curiae* brief in support of the Motions for Summary Judgment.  *Id.* at ECF Nos. 110, 110-1.  These Motions for Summary Judgment, if successful, will result in the vacation of the 2018 Rule and the reinstatement of the portions of the 2016 Venting and Flaring Rule that were withdrawn or modified by the 2018 Rule.

21.     Finally, on June 11, 2019 this Court issued a Minute Order directing parties to "file written statements on or before June 28, 2019 setting forth their position on whether the entirety of these cases is moot in light of" BLM's 2018 Rule.  EFC No. 248, at 2.

## ARGUMENT

### I.     BLM'S 2018 RULE AND THE TENTH CIRCUIT'S MANDATE AND ORDER DO NOT RENDER THIS CASE MOOT

A case will be rendered moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (quotation and alteration omitted).

This case is not moot because the issues in front of this Court remain live and the State Petitioners have a legally cognizable interest in the outcome of those issues.  Further, even though the portion of this case challenging those parts of the 2016 Venting and Flaring Rule that have been rescinded or modified by the 2018 Rule is arguably moot at present, that part of the case will again become a live controversy if the 2018 Rule is invalidated in the California Litigation.

### A.     This Case Continues to Involve a Live Controversy

The 2018 Rule, while replacing many parts of the 2016 Venting and Flaring Rule, maintains many of the same provisions challenged and at issue in this litigation.  For example, North Dakota and Texas assert that their "split-estate" property ownership structures are unlawfully regulated under the 2016 Venting and Flaring Rule's assertion of jurisdiction over pooled or communitized interests, an unlawful federal assertion unchanged and not withdrawn by the 2018 Rule.  ECF No. 143, at 11-12.  In essence, in the 2016 Venting and Flaring Rule and the 2018 BLM improperly leveraged the numerous scattered small federal mineral interests in North Dakota and Texas, and asserted federal jurisdiction over any state or private mineral interests that have been pooled or communitized with those isolated federal mineral interests, which is a violation of BLM's limited authority over only federal, not private or state, property interests.  *Id.* at 17.

Further, BLM's jurisdictional overreaches also violated the Tenth Amendment and federalism principles by intruding on Petitioner-Intervenor North Dakota's and Texas' rights as sovereign States.  The 2018 Rule did not disturb this portion of the 2016 Venting and Flaring Rule and thus these unlawful pooling provisions continue in effect and violate the rights of North Dakota and Texas in and over non-federal and tribal lands and mineral interests.  *See* 81 Fed. Reg. at 83407, 83,080-81 (defining the scope of the 2016 Venting and Flaring Rule under 43 CFR § 3179.2(a)(1) as including communitized plots with only minority federal interests); 83 Fed. Reg. at 49212 (defining the scope of the 2018 Rule under 43 CFR § 3179.2(a)(1) to similarly included communitized interests).

As the Tenth Circuit noted, "because the [2018] Rule did not eliminate all requirements of the [2016 Venting and Flaring Rule] . . .  vacatur of the entire [2016 Venting and Flaring Rule] is

inappropriate." ECF No. 242-1, at 9.[2]  Similarly, as noted by this Court in its December 29, 2017

Order granting a stay of these proceedings, "[a]n analysis of the merits of the present challenges

to the [2016 Venting and Flaring Rule] is dependent upon which 'rules' are in effect." ECF No.

189, at 4 (citing to *Wyoming v. Zinke*, 871 F.3d 1133, 1142 (10th Cir. 2017)).  "[B]ecause the

Intervenor-Respondents' lawsuits in the Northern District of California raise substantive

challenges to the [Delay Rule] and seek to reinstate the [2016 Venting and Flaring Rule] in its

entirety, it is fair to say those actions are inextricably intertwined with the cases before this Court

and with the ultimate rules to be enforced."  *Id.* (Citing to *F.C.C. v. Fox Television Stations, Inc.,*

556 U.S. 502 (2009)).   The same analysis applies to the present day and the California Litigation's

implications for the 2018 Rule and 2016 Venting and Flaring Rule.

Significant portions of the 2016 Venting and Flaring Rule remain in effect, and this

litigation continues to have "live" issues in which State Petitioners have legally cognizable

interests.  Therefore, this case is not moot.

>    **B.**    **While This Case is Not Moot, The Nature and Scope of Issues in Dispute Remain Uncertain Until the Pending Motions for Summary Judgment in the California Litigation are Resolved**

While this case continues to have "live" issues in which State Petitioners have a legally

cognizable interests, the exact scope of those issues is uncertain pending the resolution of the

---

[2] Although the Tenth Circuit noted that when "an agency has rescinded and *replaced* a challenged regulation, litigation of the legality of the original regulation becomes moot," (ECF No. 242-1, at 5-6 (citing *Wyoming v. U.S. Dep't of Agric.,* 414 F.3d 1207, 1212 (10th Cir. 2005))) (emphasis added) it is clear from a review of the 2018 Rule – as the Tenth Circuit expressly noted in the passage quoted in the text – that the 2018 Rule did not fully replace the 2016 Venting and Flaring Rule.  Thus, while the 2018 Rule may have operated to moot the *interlocutory appeals* in front of the Tenth Circuit, it did not moot State Petitioners' challenges to the 2016 Venting and Flaring Rule pending in this case.   The 2016 Venting and Flaring Rule has not been completely replaced – portions of the rule have been modified, but provisions that are central to State Petitioners' challenges remain unchanged by the 2018 Rule, and this case is therefore not moot.

Motions for Summary Judgement in the California Litigation.  In that litigation, State Plaintiffs California and New Mexico and the Plaintiff-Intervenor citizen groups seek to have the California court vacate the 2018 Rule and reinstate the 2016 Venting and Flaring Rule in its entirety.  BLM, Wyoming, the WEA and IPAA remain in the case and will presumably defend the 2018 Rule. Until the California court decides those pending Motions for Summary Judgment and clarifies the extent to which (if at all) the parts of the 2016 Venting and Flaring Rule which were modified by the 2018 Rule will be reinstated, the scope of the issues before this court is unknown.

Further, if the rescinded or amended portions of the 2016 Venting and Flaring Rule are reinstated by the California Litigation, judicial efficiency and good sense weighs in favor of allowing State Petitioners to maintain the challenges in this Court because the merits briefing for this case is substantially complete.  Relitigating (and re-briefing) those issues in the event this case was prematurely dismissed would be both prejudicial and a waste of judicial and public resources.

There is a non-speculative possibility that the resolution of the pending Motions for Summary Judgment in the California Litigation will reinstate portions of the 2016 Venting and Flaring Rule.  Several of BLM's efforts thus far to suspend or modify the 2016 Venting and Flaring Rule has been met with rejection by reviewing courts.  This includes the Postponement Rule being vacated for violating the Administrative Procedure Act (*California v. BLM*, 277 F. Supp. 3d 1106, 1125-27 (N.D. Cal. 2017)), and the Delay Rule being preliminarily enjoined based on the challengers' reasonable likelihood of success on the merits on their Administrative Procedure Act claims that the BLM failed to provide a reasoned analysis for the Delay Rule and that the Delay Rule was based on a flawed regulatory impact report (*California v. BLM*, 286 F. Supp. 3d 1054, 1058 (N.D. Cal. 2018)).

The Petitioners in the California Litigation (the same Petitioners who were successful challenging the BLM's promulgation of the Postponement Rule and the Delay Rule) now argue

that the BLM' promulgation of the 2018 Rule similarly violated the Administrative Procedure Act, and ask that the reviewing court declare the 2018 Rule invalid and reinstate the entirety of the 2016 Venting and Flaring Rule.  Further, the Petitioners in the California Litigation are now supported by an *amicus curiae* brief filed by fifty-one lawmakers.  Therefore, all parties to this case now face the non-speculative possibility that the California Litigation will soon define the scope of State-Petitioners' remaining challenges in this action – invalidating the 2018 Rule and reinstating portions (or all) of the 2016 Venting and Flaring Rule.

Finally, if the California Litigation results in reinstatement of the 2016 Venting and Flaring Rule, State-Petitioners may be time-barred from challenging the undisturbed portions of the 2016 Rule – as to which a live controversy currently exists – if this case is dismissed in the interim.  If the court in the California Litigation vacates all or portions of the 2018 Rule, portions of the 2016 Venting and Flaring Rule will simply be reinstated.  Despite the substantial merits briefing completed in this Court, no ruling on legality of the 2016 Venting and Flaring Rule has been issued, and thus it remains "on the books" as the current law in the event the 2018 Rule is invalidated. This is a key distinction because certain portions of the 2016 Venting and Flaring Rule remain unchanged in the 2018 Rule (such as the continued unlawful assertion of jurisdiction over pooled or communitized interests), and if this Court dismisses this case in the interim, State Petitioners' renewed challenges to those portions of the rule might face an argument that such challenges are time barred because they were not brought within the time period for judicial review of a final agency action under the Administrative Procedure Act.[3]  The issues raised in State Petitioners' challenges to the 2016 Venting and Flaring Rule therefore remain live, and it is in the interest of

---

[3] While State Petitioners do not concede that any subsequent challenge would be time barred under the Administrative Procedure Act, the issue remains as a real possibility when potential appeals in the California Litigation are contemplated.

justice and judicial efficiency to preserve those timely challenges and the substantial merits briefing that has been developed in this case.

Therefore, this case is far from moot given the pending Motions for Summary Judgment in the California Litigation that seek to return unlawful portions of the 2016 Venting and Flaring Rule as the law of the land. This Court should hold this case in abeyance until the pending Motions for Summary Judgment in the California Litigation are resolved and the scope of the issues that remain in this case are clarified.

## II.       GROUNDS FOR THIS MOTION TO STAY

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). The Court may grant a stay where it would serve "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Id.* at 256.

The Supreme Court has repeatedly held that federal courts may hold litigation in abeyance when to do so would be "wise judicial administration." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citation omitted). In deciding whether to issue a stay, it is necessary for a court to "to balance the equities—to explore the relative harms to applicant and respondent, as well as the interests of the public at large. *Trump v. International Refugee Assistance Project,* 137 S.Ct. 2080, 2087 (2017).

### A.       A Stay is Appropriate and Necessary to Avoid Prejudice to the State Petitioners

First, as noted in part I, *supra*, portions of the 2016 Venting and Flaring Rule that are challenged in this action remain unchanged by the 2018 Rule. Dismissing this case now would

prevent State Petitioners from maintaining those challenges in this Court, and would not be wise judicial administration in light of the substantial merits briefing that has already occurred to this point.

If the movants in the California Litigation are successful, the rescinded and modified portions of the 2016 Venting and Flaring Rule will be fully reinstated in their original form. However, if this Court does not stay this case in the interim, and instead dismisses this case, all of the significant time and effort the parties have spent briefing this case will have been wasted, and Petitioners, and the other parties, will have to start litigation anew regarding the legality of BLM's Venting and Flaring Rule under the statutory timeframes of the Administrative Procedure Act.

Further, as noted above, because certain portions of the 2016 Venting and Flaring Rule remain in place, State Petitioners' challenges to those portions of the rule might face an argument from Respondents (if this case is dismissed) that a subsequent challenge to the unchanged portions of the 2016 Venting and Flaring Rule that were unaffected by the 2018 Rule are time barred because they were not brought within the time period for judicial review of a final agency action under the Administrative Procedure Act.  While State Petitioners do not concede this argument, such a result would be extremely prejudicial, especially when this Court could easily avoid such a result by staying this action in the interim.

As this Court recognized in its April 2018 Order, "Petitioners . . . will be irreparably harmed by full and immediate implementation of the 2016 Waste Prevention Rule, magnified by temporary implementation of significant provisions meant to be phased-in over time."  April 2018 Order, at 9-10.  The same exact injury will befall State Petitioners' in the event that the withdrawn or modified portions of the 2016 Venting and Flaring Rule are reinstated by the California Litigation. Additionally, it would be greatly prejudicial to require State Petitioners to re-start their challenge to the validity of the 2016 Venting and Flaring Rule, especially considering that merits briefing

has been concluded (with the exception of BLM which has resisted filing its merits brief) in front of this Court.  This case was initiated on November 18, 2016, and over two and a half years later, still has not been resolved.  If State Petitioners are required to restart their challenges to the 2016 Venting and Flaring Rule, they face the prospect of additional delays and expense just to return to this point, all the while being subject to the fully reinstated 2016 Venting and Flaring Rule.  Such a result cannot be squared with any reasonable notion of judicial efficiency and fairness.

Given the real and non-speculative possibility that the 2018 Rule will be invalidated, which would result in injury and prejudice to State Petitioners in this action if this underlying action is dismissed, it is in the interest of justice and judicial economy to preserve all State Petitioners' timely made challenges to the 2016 Venting and Flaring Rule and significant merits briefing by all the parties in this action.

## B.  A Stay Is Not Prejudicial to Respondents or Any Other Party

The stay requested in this motion is bounded by reasonable limits on duration and purpose and therefore is not "immoderate." *See Landis*, 299 U.S. at 256.

State Petitioners are only requesting a stay until the pending Motions to for Summary Judgment in the California Litigation are fully decided.   Those Motions for Summary Judgment will be fully briefed under the schedule set by the California Court within a reasonable period of time.  *See* California Litigation, ECF No. 95.  This includes full briefing completed by November 22, 2019, and a final hearing on the Motions for Summary Judgment (and any Cross-Motions) on January 14, 2020.  *Id.*

Further, the requested stay will not "work damage to someone else."  *Landis*, 299 U.S. at 255.  Not a single litigant in this case or the related challenges would "be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."  *Id*.  The 2018

Rule and the unmodified portions of the 2016 Venting and Flaring Rule are the current law nationwide, and will remain so if and until the Plaintiffs in the California Litigation prevail.

State Petitioners cannot identify any burdens or harms to Respondents or any other party to this case.  There are no pending deadlines for State Petitioners or Respondents.   No legal duties or harms will result from a stay.  No party will be required to revisit the merits of this case until and if the Motions for Summary Judgment in the California Litigation are fully resolved.

Given the burdens that would be placed on State Petitioners if the stay is not granted, subjecting State Petitioners to irreparable and immediate harms, and requiring State Petitioners to re-initiate their challenge to the 2016 Venting and Flaring Rule, it is reasonable and just to stay this case pending resolution of the California Litigation.

### C.    The Public Interest Also Weighs in Favor of Staying this Case

The public interest and judicial efficiency also weigh in favor of staying of this litigation during the pendency of the California Litigation.  If this Court dismisses the instant action, and the withdrawn and modified portions of the 2016 Venting and Flaring Rule are later reinstated, this Court (or some other) will be forced to expend resources relitigating challenges to the 2016 Venting and Flaring Rule that, with the exception of BLM, have already been fully briefed.  Such a result is not an efficient use of judicial resources, parties' resources, or public tax dollars.

This is especially true when the cost of a stay in this case is minimal: there will be no pending deadlines or responsibilities for any party or for this Court, and in the meantime the substantial merits briefing completed to date can remain in wait pending the non-speculative chance that the 2016 Venting and Flaring Rule is reinstated.  Further, if the 2018 Rule is not invalidated by the California Litigation, this Court can revisit the status of a stay in this case at that time.

As the "[t]he waste, inefficiency, and futility associated with a ping-ponging regulatory [or here, judicial] regime is self-evident and in no party's interest" the "most appropriate and sensible approach is [for this Court] to exercise its equitable discretion to stay" this case pending the resolution of the Motions for Summary Judgment in the California Litigation.  April 2018 Order, at 10-11

### III.     State Petitioners Agree to Update This Court Periodically on the Status of the California Litigation

In the interest of judicial efficiency and this Court's time, State Petitioners agree to periodically update this Court every **60 days** on the status of the California Litigation during the pendency of any stay, if granted.  State Petitioners also agree to promptly revisit this stay once the pending Motions for Summary Judgment in the California Litigation are fully resolved.

### CONCLUSION

For these reasons, State Petitioners respectfully request that this Court STAY this case pending resolution of the Motions for Summary Judgment pending in the California Litigation.

Respectfully submitted this 28th day of June 2019.

/s/ *Paul M. Seby*
Paul M. Seby (admitted *pro hac vice*)
Special Assistant Attorney General
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Phone:  (303) 572-6584
Fax:  (303) 572-6540
Email: sebyp@gtlaw.com

Wayne Stenehjem (admitted *pro  hac vice*)
Attorney General
David Garner (admitted *pro hac vice*)
Assistant Attorneys General
500 N. 9th Street Bismarck, ND 58501
Phone: (701) 328-2925
Email: ndag@nd.gov

Robert J. Walker (Wyo. Bar No. 7-4715)
Hickey & Evans, LLP
1800 Carey Street, Suite 700
Cheyenne, WY 82003
Phone: (307) 634-1525
Fax: (307) 638-7335
Email: rwalker@hickeyevans.com

**COUNSEL FOR PETITIONER-INTERVENOR
STATE OF NORTH DAKOTA**

Ken Paxton
ATTORNEY GENERAL OF TEXAS
Jeffrey C. Mateer
First Assistant Attorney General
Ryan L. Bangert
Deputy Attorney General for Legal Counsel
DAVID J. HACKER  (admitted *pro hac vice*)
Special Counsel for Civil Litigation
OFFICE OF THE ATTORNEY GENERAL
PO Box 12548
Mail Code 001
Austin, TX 78711-2548
512/936-1414
Email: david.hacker@oag.texas.gov

Daniel B Frank
FRANK LAW OFFICE
519 East 18th Street
Cheyenne, WY 82001
307/432-0520
Fax: 307-274-4502
Email: frank@tribcsp.com

**COUNSEL FOR PETITIONER-INTERVENOR
STATE OF TEXAS**

Bridget Hill
ATTORNEY GENERAL OF WYOMING
James Kaste, WSB No. 6-3244
Deputy Attorney General
Erik E. Petersen, WSB No. 7-5608
Senior Assistant Attorney General
WYOMING ATTORNEY GENERAL'S OFFICE
2320 Capitol Avenue

Cheyenne, WY  82002
Phone: (307) 777-6946
Fax: (307) 777-3542
Email: james.kaste@wyo.gov
Email: erik.petersen@wyo.gov

**COUNSEL FOR PETITIONER STATE OF WYOMING**

Timothy C Fox (admitted *pro hac vice*)
ATTORNEY GENERAL OF MONTANA
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Email: timfox@mt.gov

Melissa Schlichting (admitted *pro hac vice*)
DEPUTY ATTORNEY GENERAL
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
Email: mschlichting@mt.gov

Brandon Lee Jensen
BUDD-FALEN LAW OFFICES
300 East 18th Street
P O Box 346
Cheyenne, WY 82003
307/632-5105
Fax: 307-637-3891
Email: brandon@buddfalen.com

**COUNSEL FOR PETITIONER STATE OF MONTANA**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 28th day of June 2019, a true and correct copy of **STATE OF NORTH DAKOTA'S, STATE OF TEXAS', STATE OF WYOMING'S, AND STATE OF MONTANA'S MEMORANDUM IN SUPPORT OF RESPONSE TO THIS COURT'S JUNE 11, 2019 MINUTE ORDER AND JOINT MOTION FOR A STAY PENDING RESOLUTION OF RELATED LITIGATION** was filed with the Clerk of the Court using CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Paul M. Seby*