FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 AUG 23  AM 8:38

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING and STATE OF MONTANA, ) | |
| ) | |
|     Petitioners, ) | |
| ) | |
| STATE OF NORTH DAKOTA and STATE OF ) | |
| TEXAS, ) | |
| ) | |
|     Intervenor-Petitioners, ) | |
| ) | |
| vs. ) | Case No. 2:16-CV-0285-SWS |
| ) | **(Lead Case)** |
| UNITED STATES DEPARTMENT OF THE ) | |
| INTERIOR; SALLY JEWELL, in her official ) | |
| capacity as Secretary of the Interior; UNITED ) | |
| STATES BUREAU OF LAND MANAGEMENT; ) | |
| and NEIL KORNZE, in his official capacity as ) | |
| Director of the Bureau of Land Management, ) | |
| ) | |
|     Respondents, ) | |
| ) | |
| WYOMING OUTDOOR COUNCIL, et al.; ) | |
| EARTHWORKS; STATE OF CALIFORNIA and ) | |
| STATE OF NEW MEXICO, ) | |
| ) | |
|     Intervenor-Respondents. ) | |

| | |
|---|---|
| WESTERN ENERGY ALLIANCE, and the ) | |
| INDEPENDENT PETROLEUM ) | |
| ASSOCIATION OF AMERICA, ) | |
| ) | |
|     Petitioners, ) | |
| ) | |
| vs. ) | Case No. 2:16-CV-0280-SWS |
| ) | |
| SALLY JEWELL, in her official capacity as ) | |
| Secretary of the United States Department of the ) | |
| Interior; and BUREAU OF LAND ) | |
| MANAGEMENT, ) | |
| ) | |
|     Respondents. ) | |

## ORDER GRANTING MOTIONS TO STAY PROCEEDINGS

This matter comes before the Court on *State of North Dakota's, State of Texas', State of Wyoming's, and State of Montana's Joint Motion for Stay Pending Resolution of Related Litigation* (ECF No. 251, Lead Case), and Industry Petitioners' *Motion to Stay Proceedings* (ECF No. 254). The Court, having reviewed the parties' briefs and materials submitted in support of the motions and Respondents'/Intervenor-Respondents' opposition thereto, and being otherwise fully advised, FINDS a stay of these proceedings is warranted.

## PROCEDURAL BACKGROUND

On November 18, 2016, the Bureau of Land Management ("BLM") published the final version of its regulations with the stated intent "to reduce waste of natural gas from venting, flaring, and leaks during oil and natural gas production activities on onshore Federal and Indian (other than Osage Tribe) leases." *See* "Waste Prevention, Production Subject to Royalties, and Resource Conservation: Final Rule." 81 Fed. Reg. 83,008 ("Waste Prevention Rule"). Petitioners promptly raised various challenges to the Waste Prevention Rule in these consolidated cases. On January 16, 2017, the day before the Rule became effective, this Court denied Petitioners' request for preliminary injunctive relief, in part because significant portions of the Rule would not become effective until January 17, 2018 ("phase-in provisions"). Thereafter, the Court set an expedited briefing schedule so that the merits of Petitioners' challenges could be addressed prior to the phase-in provisions of the Rule becoming effective.

However, on June 15, 2017, in compliance with a directive from the President to review the Rule for consistency with the policies of the new administration,[1] the BLM announced it was postponing the January 17, 2018 compliance dates for the phase-in provisions of the Rule,[2]

---

[1] *See* Executive Order No. 13783, "Promoting Energy Independence and Economic Growth" (March 28, 2017).
[2] The BLM postponed the future compliance dates for the following sections of the Rule: 43 C.F.R. 3179.7, 3179.9, 3179.201, 3179.202, 3179.203, and 3179.301-3179.305. These provisions obligate operators to comply with the

pending judicial review in this Court, pursuant to its authority under 5 U.S.C. § 705. *See* 82 Fed.

Reg. 27,430 (June 15, 2017) ("Postponement Notice"). The BLM further stated its intention to

conduct notice-and-comment rulemaking to suspend or extend the compliance dates of those

sections affected.[3] *Id.* The Rule's provisions with compliance dates that had already passed were

unaffected by the Postponement Notice.

Five days later, and in light of BLM's plan to propose revision or rescission of the Rule,

the Federal Respondents filed a *Motion to Extend the Briefing Deadlines* (ECF No. 129) which

this Court granted, making the opening merits briefs due October 2, 2017 and response briefs due

November 6, 2017 (ECF No. 133). In granting the extension, this Court determined: "To move

forward on the present schedule would be inefficient and a waste of both the judiciary's and the

parties' resources in light of the shifting sands surrounding the Rule and certain of its provisions,

making it impossible to set a foundation upon which the Court can base its review under the

Administrative Procedures Act." *Id.* at 3. Then on July 5th and 10th, 2017, several of the

Intervenor-Respondents in this case, along with the elected Attorney Generals from the States of

California and New Mexico, challenged the BLM's Postponement Notice in a Federal District

Court in the Northern District of California. *See California and New Mexico, et al. v. BLM*, No.

3:17-CV-03804-EDL (N.D. Cal.); *Sierra Club, et al. v. Zinke*, No. 3:17-CV-03885-EDL (N.D.

Cal.). On October 4, 2017, the Northern District of California Court held unlawful and vacated

the Postponement Notice, thereby reinstating the (by then) three-and-one-half-month away

compliance dates for the phase-in provisions.

---

Rule's "capture percentage," flaring measurement, pneumatic equipment, storage tank, and LDAR requirements beginning on January 17, 2018. *See* 82 Fed. Reg. at 27,431.

[3] "Given this legal uncertainty, operators should not be required to expend substantial time and resources to comply with regulatory requirements that may prove short-lived as a result of pending litigation or the administrative review that is already under way." *Id.*

Meanwhile, back in this Court, Petitioners and Intervenor-Petitioners timely filed their opening briefs in support of their petitions for review. On October 20, 2017, the Federal Respondents filed a second *Motion for an Extension of the Merits Briefing Deadlines* (ECF No. 155), requesting the Court again extend the briefing deadlines then in place by thirty-seven (37) days, allowing time for the BLM to complete a rule ("Suspension Rule") which will suspend or delay the majority of the provisions of the Waste Prevention Rule, including the portions of the Rule that would otherwise become effective on January 17, 2018.[4] At that time, BLM had also begun working on a rule to revise or rescind the Waste Prevention Rule ("Revision Rule"). The Court granted the second extension, again stressing the inefficient use and likely waste of resources by proceeding to address the merits of challenges to a rule when the agency has begun the process for suspending and revising that rule. (ECF No. 158.)

On December 8, 2017, the BLM published the final "Suspension Rule," temporarily suspending or delaying certain requirements of the Waste Prevention Rule being challenged in this litigation.[5] *See* 82 Fed. Reg. 58,050. "The 2017 final delay rule does not substantively change the 2016 final rule, but simply postpones implementation of the compliance requirements for certain provisions of the 2016 final rule for 1 year." *Id.* "The BLM has concerns regarding the statutory authority, cost, complexity, feasibility, and other implications of the 2016 final rule, and therefore intends to avoid imposing likely considerable and immediate compliance costs on operators for requirements that may be rescinded or significantly revised in the near future." *Id.* The Suspension Rule's stated effective date was January 8, 2018.

---

[4] On October 27, 2017, the Industry Petitioners again sought preliminary injunctive relief in light of the impending January 2018 compliance dates put back into effect after the California court's ruling. (ECF No. 160.)
[5] The Suspension Rule delayed the effective date for the following provisions of the Waste Prevention Rule: 43 C.F.R. 3162.3-1(j), 3179.7, 3179.9, 3179.10, 3179.101, 3179.102, 3179.201, 3179.202, 3179.203, 3179.204, and 3179.301 through 3179.305.

The Federal Respondents, together with the Industry Petitioners and Petitioner States of Wyoming and Montana, then moved this Court to stay these cases on the basis that it would not be a wise use of the parties' or the Court's resources to adjudicate the merits in light of the Suspension Rule and the fact that the BLM was in the process of issuing a proposed Revision Rule. Intervenor-Petitioner States of North Dakota and Texas opposed a stay, arguing the limited number of provisions that will remain in effect during the suspension period continue to harm those states by infringing upon the States' sovereignty, unlawfully expanding BLM's jurisdiction to state and private interests, and intruding upon the States' congressionally-granted authority to regulate air quality within their borders. Meanwhile Intervenor-Respondents challenged the Suspension Rule by again filing separate actions in the Northern District of California. *See State of California et al. v. BLM et al.*, No. 3:17-CV-07186-WHO (N.D. Cal. Dec. 19, 2017); *Sierra Club et al. v. Zinke et al.*, No. 3:17-CV-07187-MMC (N.D. Cal. Dec. 19, 2017). Requests to transfer the venue of those cases to this Court were denied.

On December 29, 2017, given the on-going rulemaking process that would materially impact the merits of the present challenges to the Waste Prevention Rule and the prudential ripeness concerns relating to the issues before this Court, the requested stay was granted pending finalization of revisions to the Rule, or at least while the Suspension Rule was in effect. (*See* ECF No. 189.) For a third time, this Court emphasized that moving forward to address the merits of the present challenges would be a waste of resources, as such an analysis is dependent upon which "rules" are in effect. *Id.* at 4 (citing *Wyoming v. Zinke*, 871 F.3d 1133, 1142 (10th Cir. 2017) ("proceeding to address whether the district court erred in invalidating the BLM's Fracking Regulation when the BLM has now commenced rescinding that same regulation appears to be a very wasteful use of limited judicial resources . . . [as] [i]t is clearly evident that the disputed matter

that forms the basis for our jurisdiction has thus become a moving target")).  This Court further determined prudential ripeness concerns weigh against interfering in the administrative process. *See id.* at 4-5 (citing *Farrell-Cooper Min. Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1234-35 (10th Cir. 2103) ("In order to determine the fitness of issues for review, we may consider whether judicial intervention would inappropriately interfere with further administrative action and whether the courts would benefit from further factual development of the issues presented.")).

On February 22, 2018, the BLM published the proposed Revision Rule, "proposing to revise the 2016 final rule in a manner that reduces unnecessary compliance burdens, is consistent with the BLM's existing statutory authorities, and re-establishes long-standing requirements that the 2016 final rule replaced." 83 Fed. Reg. 7924 (Feb. 22, 2018).  Also on February 22, 2018, the District Court for the Northern District of California preliminarily enjoined enforcement of the Suspension Rule, arguably making the phase-in provisions immediately effective.[6]  Accordingly, this Court lifted the stay in these cases and set a briefing schedule to resolve the following motions then-pending before this Court:  (1) *Joint Motion by the States of North Dakota and Texas to Lift the Stay entered December 29, 2017 and to Establish Expedited Schedule for Further Proceedings* (ECF No. 194); (2) *Motion to Lift Stay and Suspend Implementation Deadlines* filed by Petitioner States of Wyoming and Montana (ECF No. 195); and Industry Petitioners' *Motion to Lift Litigation Stay and for Preliminary Injunction or Vacatur of Certain Provisions of the Rule Pending Administrative Review* (ECF No. 196).

The Federal Respondents urged the Court to stay this litigation and the Waste Prevention Rule's implementation deadlines to preserve the status and rights of the regulated parties and avoid

---

[6] The Northern District of California court's decision also put back into effect certain provisions that were not part of the Rule's initial phase-in provisions, but had been delayed by the Suspension Rule:  43 C.F.R. 3162.3-1(j); 3179.10, 3179.101, 3179.102, and 3179.204.

entanglement with the administrative process. The Intervenor-Petitioners, North Dakota and Texas, urged the Court to move forward with the merits of these cases on an expedited basis. The Intervenor-Respondents, the States of California and New Mexico and the Environmental Groups, opposed the Industry Petitioners' motion for a preliminary injunction or vacatur, and further opposed any stay of these cases or the existing implementation deadlines.[7] Based on consideration of judicial economy and prudential ripeness and mootness concerns, this Court determined it appropriate to stay implementation of the Waste Prevention Rule's phase-in provisions and further stay these cases pending finalization of the Revision Rule. (*See Order Staying Implementation of Rule Provisions and Staying Action Pending Finalization of Revision Rule* entered April 4, 2018, ECF No. 215) ("April 2018 Order").

Intervenor-Respondents California, New Mexico and the environmental groups appealed the April 2018 Order. (ECF No. 216.) The Tenth Circuit Court of Appeals denied motions to dismiss the appeals for lack of jurisdiction and to stay the April 2018 Order pending appeal. *See State of Wyoming et al. v. U.S. Dept. of Interior, et al.,* No. 18-8027 (Order dated June 4, 2018). After the Opening and Answer Briefs were filed in the Court of Appeals, BLM published its Revision Rule. *Id.* (Order and Judgment at 5, Apr. 9, 2019, ECF No. 247-1). The Revision Rule became effective on November 27, 2018, rescinding many of the Waste Prevention Rule's requirements and altering others. *Id.* The Tenth Circuit ultimately issued an order finding the appeal of this Court's April 2018 Order moot after BLM's promulgation of the Revision Rule. *Id.* at 5-7. Accordingly, the Court of Appeals vacated this Court's April 2018 Order which stayed portions of the 2016 Waste Prevention Rule. However, the Tenth Circuit expressly declined

---

[7] By March 23, 2018, all Petitioners and Petitioner-Intervenors had filed their reply briefs. Thus, the merits of the 2016 Waste Prevention Rule were fully briefed before this Court, with the exception of a merits response brief from the Federal Respondents.

requests to vacate the 2016 Waste Prevention Rule, noting that "because the Revision Rule did not eliminate all requirements of the Waste Prevention Rule, *see* Fed. Reg. at 49,204, vacatur of the entire Waste Prevention Rule is inappropriate." *Id.* at 9. The Tenth Circuit also expressly declined to remand with instructions to dismiss the entire case, noting it did "not see any harm in allowing the district court to decide in the first instance whether the entire case is moot given that the district court is more acquainted with the overall claims and issues." *Id.*

On September 18, 2018, while the appeal of this Court's April 2018 Order was pending, the States of California and New Mexico filed an action challenging BLM's Revision Rule in the Northern District of California, in which the State of Wyoming and the Industry Petitioners here successfully intervened. *See State of California et al. v. Zinke et al.*, No. 4:18-CV-05712-YGR (N.D. Cal.).[8] On June 7, 2019, two motions for summary judgment were filed in the California litigation, seeking to invalidate the Revision Rule. *Id.*, ECF Nos. 108, 109. On June 20, 2019, fifty-one members of congress filed an *amicus curiae* brief in support of the summary judgment motions. *Id.*, ECF No. 110. The summary judgment movants ask the California court to vacate the Revision Rule, effectively reinstating those portions of the 2016 Waste Prevention Rule that were rescinded or modified by the Revision Rule. BLM filed its opposition to the motions and a cross-motion for summary judgment on August 12, 2019. *Id.*, ECF No. 123. Intervenor-Defendants' oppositions to the motions and any cross motions are due August 26, 2019, all replies are due by November 22, 2019, and a hearing on the cross-motions for summary judgment is set for January 14, 2020. *See id.*, ECF No. 97.

The State Petitioners request this Court stay these cases until the pending summary judgment motions in the California litigation are fully resolved, arguing their case is not moot

---

[8] This case was consolidated with a second later-filed case, *Sierra Club et al. v. Zinke*, No. 18-CV-05984. (*See* No. 4:18-CV-5712-YGR, ECF Nos. 38, 45.)

because the Revision Rule reincorporated without change the jurisdictional scope of the Waste Prevention Rule over communitized areas – a provision challenged by the State Petitioners here. Industry Petitioners also argue their case is not moot because certain provisions of the Waste Prevention Rule they have challenged here – provisions governing whether vented and flared gas was avoidably lost and thus royalty bearing – while ultimately rescinded by the Revision Rule, were in effect during 2017 and 2018 causing continuing harm to their members.  Petitioners in both of these consolidated cases further contend a stay is in the interests of judicial efficiency and the public at large.  Federal Respondents and Respondent-Intervenors, however, insist these cases are mooted by the Revision Rule; therefore, the Court lacks jurisdiction and the proper disposition is dismissal.

DISCUSSION

The Court agrees with the Federal Respondents that before a stay can be considered, jurisdiction must be established.  "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (internal quotation marks and citation omitted).

> Under Article III of the Constitution, the power of the federal courts extends only to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). A case will be rendered moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (quotation omitted). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (quotation and alteration omitted).

*Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1211-12 (10th Cir. 2005).  Respondents contend the Revision Rule replaced the provisions of the Waste Prevention Rule that Petitioners have

9

challenged in this action, rendering these cases moot. *See id.* at 1212 ("By eliminating the issues upon which this case is based, adoption of the new rule has rendered the appeal moot."). Intervenor-Respondents assert the Tenth Circuit recognized as much by finding the appeal of this Court's April 2018 Order moot because "[a]ny decision we might issue . . . would have no real-world effect." *See* Respondent-Intervenors' Joint Opp'n to Pet'rs' Mot. to Stay at 2, ECF No. 256 (quoting Tenth Circuit Order and Judgment at 6). However, the Court of Appeals was dealing with *interlocutory* appeals from this Court's stay of certain phase-in provisions of the Waste Prevention Rule, which were ultimately rescinded or revised by the Revision Rule. (*See* April 2018 Order at 11; Tenth Circuit Order and Judgment at 6 n.1.) Thus, the appellate court determined, any decision it might issue would have no real-world effect "because *the rules the district court enjoined have been replaced.*" *Id.* at 6 (emphasis added). The Tenth Circuit further acknowledged, though, that the Revision Rule did not eliminate *all* requirements of the Waste Prevention Rule. *Id.* at 9.

Contrary to Respondents assertions, these cases continue to present a live controversy and Petitioners maintain a legally cognizable interest in the outcome. As did the Court of Appeals, Respondents acknowledge the Revision Rule did not fully supersede the Waste Prevention Rule. *See* Federal Resp'ts' Am. Resp. to Mot. for Stay at 2-3 n.1, ECF No. 258 ("Thus, of the provisions of Subpart 3179, which were the provisions challenged by Petitioners, 24 of 27 have been rescinded or revised and *three* (purpose, scope, and royalties due on avoidable lost gas) *have been reincorporated without changes.*") (emphasis added); Respondent-Intervenors' Joint Opp'n to Pet'rs' Mot. to Stay at 5, ECF No. 256 ("the [Revision] Rule, like the Waste Prevention Rule and NTL-4A before it, continues to cover communitized areas"). The State Petitioners challenged the Waste Prevention Rule's assertion of jurisdiction over communitized interests, a provision that

remained unchanged in the Revision Rule. While the State Petitioners focused on gas capture and leak detection and repair as *examples* of how that jurisdictional scope would take effect in the context of the 2016 Waste Prevention Rule, those examples were not necessarily exhaustive. Instead, North Dakota, Texas, Wyoming and Montana have all challenged BLM's assertion of jurisdiction over communitized mineral interests in all scenarios. *See* North Dakota's Pet. for Review at 3, ECF No. 91 ("The [Waste Prevention] Rule unlawfully seizes State regulatory authority over non-federal minerals when State and federal tracts are combined through communitization agreements."); Texas' Pet. for Review at 3, ECF No. 109 ("The [Waste Prevention] Rule unlawfully seizes State regulatory authority over non-federal minerals when State and federal tracts are combined through communitization agreements."); Wyoming's and Montana's Pet. for Review at 5, ECF No. 1 ("[T]he Bureau's rule unlawfully attempts to take over regulation of state leases when state and federal tracts are combined through communitization agreements.").

Respondents rely on *Wyoming v. U.S. Dep't of Agric., supra,* to support their contention that these cases are moot. However, in *Wyoming*, the "portions of the Roadless Rule that were substantively challenged by Wyoming *no longer exist*," and the court of appeals noted "a statutory amendment moots a case *to the extent that it removes challenged features of the prior law*." 414 F.3d at 1212 (emphasis added) (internal quotation and citation omitted). Here, the jurisdictional scope over communitized interests in the 2016 Waste Prevention Rule that is challenged by Petitioner States remains in the Revision Rule. Thus, the challenges to the legality of the communitization provisions remain live controversies before this Court. *See People for the Ethical Treatment of Animals, Inc. v. U.D. Dep't of Agric.*, 183 F. Supp. 3d 1137, 1143-44 (D. Colo. 2016) (if earlier USDA licensure was unlawful, its later renewal decision merely permitted the

continuation of an unlawful license, so the court's determination regarding the lawfulness of the initial license would still have real world effect).

More nuanced is whether the Industry Petitioners' challenge to portions of the Waste Prevention Rule in effect during 2017 and 2018, but ultimately rescinded by the Revision Rule, remains a live controversy. Industry Petitioners contend their case is not moot because certain provisions of the 2016 Waste Prevention Rule were in effect during 2017 and 2018 and, for the first time, defined certain gas vented and flared as avoidably lost and therefore royalty bearing.[9] Industry Petitioners assert that if this Court were to find these provisions arbitrary, capricious, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A), Notice to Lessees ("NTL") 4A would define the same gas as unavoidably lost and therefore not royalty bearing, allowing Lessees an opportunity to recover any overpaid royalty or preventing the Department of the Interior from enforcing these provisions and seeking additional royalty from any lessees that may have underpaid. *See* 30 U.S.C. §§ 1721a(a), 1724(b).

Respondents argue the Industry Petitioners have not demonstrated any of their members suffered harm from these provisions in effect between January 2017 and November 2018 – i.e., that any federal lessees owe royalty under §§ 3179.4 and 3179.101-3179.105 from 2017 and 2018 that would not have been owed under NTL-4A. Yet these arguments question whether Industry Petitioners are injured by these sections of the Waste Prevention Rule and thus have standing – not whether their case is moot. Mootness is a separate inquiry from standing and injury-in-fact. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180 (2000) ("The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins

---

[9] Industry Petitioners cite the following provisions of the Waste Prevention Rule as examples of sections having new royalty consequences: 43 C.F.R. §§ 3179.4, 3179.101-3179.105. Industry Petitioners specifically identified objections to these sections in their merits brief supporting their petition for review. (*See* ECF No. 142 at 3, 4, 16, 17, 20.)

both our standing and our mootness jurisprudence, but the two inquiries differ in respects critical

to the proper resolution of this case . . . ."); *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 66

(1997) (holding that, for purposes of assessing mootness, court "will assume, *arguendo*," that

plaintiffs have standing).

The Industry Petitioners maintain a legally cognizable interest in this Court's review of

sections 3179.4 and 3179.101-3179.105: royalty on certain vented and flared gas during 2017 and

2018. The Revision Rule was not retroactive; these sections of the Waste Prevention Rule continue

to determine whether certain gas vented or flared during that time period was royalty bearing.

Therefore, this Court may review and vacate these provisions of the Waste Prevention Rule if

found to be unlawful. *See Exxon Corp. v. Hunt*, 475 U.S. 355, 362 n.6 (1986) (expiration of federal

statute claimed to preempt a state statute did not affect an action brought for a refund of taxes paid

under the state statute during the effective period of the federal statute). Furthermore, the fact

BLM replaced the 2016 Waste Prevention Rule effective December 2018 would not prevent the

Court from setting aside the 2016 Rule (or portions thereof) so that it never applied to gas vented

or flared during 2017 and 2018. *See Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health

and Human Servs.*, 730 F.3d 291, 304 n.18 (3rd Cir. 2013); *Action on Smoking & Health v. C.A.B.*,

713 F.2d 795, 797 (D.C. Cir. 1983) ("To 'vacate' . . . means to annul; to cancel or rescind; to

declare, to make, or to render, void; to defeat; to deprive of force; to make of no authority or

validity; to set aside.") (internal quotation marks and citation omitted).

Having determined these cases are not moot, the Court must next address whether a stay is

warranted. As a general matter, a district court "has broad discretion to stay proceedings as an

incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A

district court "has the power to stay proceedings pending before it and to control its docket for the

13

purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1333-34 (D. Utah 2014) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). *See also United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Wyoming v. U.S. Dep't of Interior*, No. 2:15-CV-043-SWS, 2015 WL 9463708, at *2 (D. Wyo. Dec. 17, 2015) (quoting *Landis*, 299 U.S. at 255).

Interests of judicial efficiency and economy support staying these proceedings pending resolution of the Intervenor-Respondents' challenges to the Revision Rule in the Northern District of California. "In the exercise of a sound discretion it may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). The scope of the Petitioners' challenges to the Waste Prevention Rule is dependent on the outcome of the litigation over the Revision Rule. This Court's earlier observation continues to be applicable: "because the Intervenor-Respondents' lawsuits in the Northern District of California raise substantive challenges to the [Revision] Rule and [effectively] seek to reinstate the Waste Prevention Rule in its entirety, it is fair to say those actions are inextricably intertwined with the cases before this Court and with the ultimate rules to be enforced." (Order Granting Joint Motion to Stay at 4, ECF No. 189.) Moving forward to address the outstanding issues risks a waste of resources. If the California court vacates the Revision Rule and reinstates the 2016 Waste Prevention Rule,[10] a stay would allow this Court to consider all challenges to the 2016 Rule at once. And dismissing any moot issues now could potentially hinder the Petitioners from maintaining those challenges initially brought in this Court, would at the least

---

[10] The Court views this possibility as more than mere speculation. (*See* State Pet'rs' Memo. in Supp. of Mot. for Stay at 11, ECF No. 252.)

require the refiling and/or amendment of pleadings, and would result in loss of the significant progress and efforts to date in this action, should the 2016 Rule be reinstated.

Neither the Federal Respondents nor Intervenor-Respondents have identified any tangible harm to their interests from a stay of these cases. Federal Respondents claim only that they have an "institutional interest in adherence to Article III of the United States Constitution," and then fail to identify any harms that a stay would cause to that interest. Federal Respondents cite *Comm. On The Judiciary U.S. House of Rep. v. Miers*, 575 F. Supp. 2d 201 (D.D.C. 2008) in support of their claimed institutional injury. However, the *Miers* court, in denying the executive branch's request for a stay pending appeal, found no serious harm to the executive branch's asserted "institutional interest" in absolute immunity protection from congressional subpoenas, which was outweighed by the congressional committee's interest in completing its investigation. There is no analogous harm to Federal Respondents if a stay is granted here as Federal Respondents will not be impaired from any ongoing rulemakings, and none of the Respondents will have any ongoing duties or responsibilities during the pending resolution of the California litigation. An abstract interest in adherence to the Constitution does not outweigh the competing interests here of judicial economy and efficient use of resources.

## CONCLUSION

For the reasons discussed above, the Court finds these cases continue to present live controversies and, accordingly, are not moot in their entirety. The Court further finds a stay of these cases warranted. THEREFORE, it is hereby

**ORDERED** that the *State of North Dakota's, State of Texas', State of Wyoming's, and State of Montana's Joint Motion for Stay Pending Resolution of Related Litigation* (ECF No. 251) and Industry Petitioners' *Motion to Stay Proceedings* (ECF No. 254) are **GRANTED**; it is further

**ORDERED** that these cases are **STAYED** pending resolution of the litigation in the Northern District of California challenging the legality of the Revision Rule.

DATED this _23rd_ day of August, 2019.

SCOTT W. SKAVDAHL
UNITED STATES DISTRICT JUDGE